UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NICOLE R. BOEGEMAN and ) | |
| KENNETH J. BOEGEMAN, JR., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:12CV1514 JCH |
| ) | |
| BANK STAR, ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand, filed August 29, 2012. (ECF No. 9). The motion is fully briefed and ready for disposition.

## BACKGROUND

Plaintiffs filed their original Class Action Petition in the Circuit Court of St. Louis County, Missouri, on June 27, 2012. Named as Defendants were Bank Star, Document Systems, Inc. ("DSI"), and Wolters Kluwer Financial Services, Inc. ("Wolters Kluwer"). On July 13, 2012, Plaintiffs dismissed DSI and Wolters Kluwer without prejudice.

On August 13, 2012, Plaintiffs filed an Amended Class Action Petition ("Complaint") against Defendant Bank Star. In their Complaint, Plaintiffs allege Defendant improperly charged Plaintiffs origination charges, origination fees, and adjusted origination fees, in connection with Plaintiffs' acquiring residential mortgage loans. (ECF No. 4). Plaintiffs allege that by charging these fees, Defendant engaged in the unauthorized practice of law, and violated the Missouri Merchandising Practices Act. Plaintiffs seek to represent a class consisting of, "[a]ll persons who are residents of the United States who in the 5 years immediately prior to the filing of this Class Action Petition, in connection with a mortgage loan from [Defendant] for a Missouri residential property, paid a fee for

an 'origination fee,' an 'origination charge,' 'adjusted origination charges,' or for any similarly worded fee or charge, or paid an unspecified charge that represented a fee or charge for 'the law business,' as defined in Missouri Revised Statutes § 484.010.2 or by Missouri case law." (Id., ¶ 38). As damages Plaintiffs seek, among other items, the following:

(i) award Plaintiffs damages of at least the amount of the improper fees or payments for improper actions[1];
(ii) award Plaintiffs treble the amount paid to or by Defendant within the two years preceding the filing of the State Court Action for any service rendered in violation of Sections 484.010 and/or 484.020;
(iii) enjoin Defendant from continuing the unauthorized practices alleged herein;
(iv) award class counsel reasonable attorneys' fees and all expenses of this action;
(v) award named Plaintiffs an incentive award based upon their time expended on behalf of the Class and other relevant factors;
(vi) award Plaintiffs costs; and
(vii) award punitive damages in an amount to be determined at trial.

Plaintiffs purportedly limit their damages, however, as follows: "Plaintiffs stipulate that the Class will not seek damages, including punitive damages, attorneys' fees, injunctive relief, and any other type of damages exceeding the sum or value of $5,000,000, exclusive of interest and costs." (Id., ¶ 14).

Defendant removed Plaintiffs' Complaint to this Court on August 23, 2012, alleging diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d)(1) and (2), and 1453. (ECF No. 1).

**DISCUSSION**

"CAFA authorizes removal of putative class actions 'commenced' on or after February 18, 2005 if: 1) the amount in controversy exceeds $5,000,000 in the aggregate; 2) the citizenship of at least one member of the proposed class is diverse from any defendant; and 3) the proposed class size is not less than 100." Hargis v. Access Capital Funding, LLC, 2009 WL 2757051 at *1 (E.D. Mo. Aug. 26, 2009), citing 28 U.S.C. § 1332(d)(2). In their Motion to Remand, Plaintiffs maintain this

---

[1] The Boegeman Plaintiffs' personal damages total $3,962.50.

case must be remanded because (a) the amount in controversy does not exceed the sum or value of $5,000,000, exclusive of interest and costs, and (b) even if the amount in controversy is met, the Court should decline to exercise jurisdiction under Section 1332(d)(2), because of the home-state and local controversy provisions in 28 U.S.C. § 1332(d)(4).  (ECF No. 9).  The Court will address Plaintiffs' contentions in turn.

### A.  Amount In Controversy

"To establish diversity jurisdiction in either a CAFA or a non-CAFA case, the removing party must establish that the jurisdictional minimum has been met by a preponderance of the evidence." Hargis, 2009 WL 2757051 at *1, citing Bell v. Hershey Co., 557 F.3d 953, 959 (8th Cir. 2009). Under the preponderance standard, "the question is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are."  Id. (internal quotations marks and citation omitted).  "Once this has been established, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." Id. (internal quotation marks and citation omitted).

In their Motion to Remand, Plaintiffs do not dispute Defendant's claim that the amount at issue in this controversy likely exceeds five million dollars.  Instead, Plaintiffs point to the stipulation contained in their Complaint, asserting it effectively limits the amount to below the jurisdictional threshold.  (ECF No. 10, PP. 2-5).  Under Eighth Circuit law, "[a] plaintiff may...avoid removal by including a binding stipulation with his petition stating that he would not seek damages greater than the jurisdictional minimum." Hargis v. Access Capital Funding, LLC, 674 F.3d 783, 789 (8th Cir. 2012) (internal quotation marks and citations omitted).  In the instant case, however, the Court finds Plaintiffs have failed to do so.  In other words, although Plaintiffs utilized the word "stipulate" in their Complaint, they failed to provide any affidavit or verification signed by Plaintiffs, that would actually

bind them to damages under $5,000,000. The Court thus agrees with Defendant that because Plaintiffs remain free to amend their pleadings and their prayer for relief, their use of the word "stipulate" alone is insufficient to defeat jurisdiction under CAFA. Compare Bell, 557 F.3d at 958-950 (holding an ad damnum clause contained within a petition was not equivalent to a binding stipulation, as there was no evidence it would prevent recovery of an amount in excess of the jurisdictional minimum), with Rolwing v. Nestle Holdings, Inc., 666 F.3d 1069, 1071 (8th Cir. 2012) (precluding removal under CAFA when Plaintiff included with his complaint two signed and notarized stipulations, "one stating that as named plaintiff and putative class representative he would not seek or accept any recovery in excess of $4,999,999 on his own behalf or on the behalf of the class, and a second signed by his counsel stating that no attorneys' fees would be sought or accepted other than on a contingency basis out of the maximum recovery of $4,999,999 provided for by the other stipulation").[2]

### B.     Local Controversy Exception

In their Motion to Remand, Plaintiffs next assert that even assuming the amount in controversy exceeds the jurisdictional threshold, this Court nevertheless should decline to exercise jurisdiction under the local controversy exception to CAFA. (ECF No. 10, PP. 5-6). "Although complete diversity is not required for the Court to exercise jurisdiction under 28 U.S.C.A. § 1332(d)(2), subsections § 1332(d)(4) requires courts to decline to exercise jurisdiction when greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the

---

[2] The doctrine of judicial estoppel is similarly unavailing, as the Court finds no evidence that upon remand, a Missouri court would prohibit recovery in excess of the jurisdictional minimum. See Bell, 557 F.3d at 959. The Court finds that this case, in which Plaintiffs merely stipulate (not under oath) that the Class will not *seek* damages in excess of the jurisdictional minimum, stands in stark contrast to Rolwing, in which both Plaintiff and Plaintiff's attorney stated under oath they did not seek, *and would not accept*, damages in excess of the jurisdictional minimum.

State in which the action was originally filed." Barfield v. Sho-Me Power Elec. Co-op., 2012 WL 2368517 at *2 (W.D. Mo. Jun. 21, 2012) (internal quotation marks omitted).

> This mandatory exception, commonly known as the "local-controversy" exception to the Class Action Fairness Act ("CAFA"), contains four requirements: Under the local-controversy exception, a district court must decline to exercise jurisdiction over a class action in which [1] more than two-thirds of the class members in the aggregate are citizens of the state in which the action was originally filed, [2] at least one defendant 'from whom significant relief is sought by members of the plaintiff class' and 'whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class' is a citizen of the state in which the class action was originally filed, [3] the principal injuries were incurred in the state in which the action was filed, and [4] no other class action alleging similar facts was filed in the three years prior to the commencement of the current class action.

Id. (citations omitted). Furthermore, "[t]he party seeking to invoke the local controversy exception bears the burden of establishing by a preponderance of the evidence that it applies." Id. (citation omitted).

To support their contention that their claim satisfies the first requirement, Plaintiffs state as follows: "Given that this case concerns only recent residential mortgages for Missouri properties, it is indisputable that two-thirds or more of the members of all proposed Plaintiffs classes in the aggregate are Missouri citizens." (ECF No. 10, P. 6). Defendant counters that Plaintiffs are bound by their own description of the putative class, which includes "all persons who are residents of the United States," and thus there is no evidence to support Plaintiffs' contention that two-thirds of all class members are Missouri citizens. (ECF No. 15, PP. 7-8). Upon consideration, the Court holds the simple fact that all members of the class had to have paid an "origination fee," or other similarly worded fee or charge, in connection with a mortgage loan from Defendant for a Missouri residential property in the 5 years immediately prior to the filing of this suit, "is not sufficient to establish that these [members] were Missouri citizens at the time the complaint was filed." Barfield, 2012 WL 2368517 at *3. Plaintiffs provide no evidence to fill in the gaps, and thus, "given the narrow

interpretation to be given to the local controversy exception under CAFA, [Plaintiffs have] failed to establish beyond a preponderance of the evidence that the first prong of the local controversy exception is met." Id.[3]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (ECF No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Stay Briefing and Ruling on Motion to Dismiss (ECF No. 11) is **DENIED** as moot.

Dated this 9th day of October, 2012.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[3] In their motion, Plaintiffs request leave to engage in discovery, for the purpose of establishing the citizenship of members of the proposed class. (ECF No. 9, P. 2). While Plaintiffs are free to attempt to acquire this jurisdictional information upon the entry of a scheduling order, the Court will not stay this proceeding during the pendency of any such discovery.